IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| EXTREME TECHNOLOGIES, LLC<br><br>    Plaintiff,<br><br>vs.<br><br>STABIL DRILL SPECIALTIES, LLC<br><br>    Defendant. | Civil Action No. _____ |

## ORIGINAL COMPLAINT

Plaintiff Extreme Technologies, LLC ("Extreme" or "Plaintiff") brings this Complaint against Defendant Stabil Drill Specialties, LLC ("Stabil Drill" or "Defendant") for patent infringement.  In support, Extreme shows as follows:[1]

## THE PARTIES

1.    Plaintiff Extreme Technologies, LLC is a Utah limited liability company and maintains a principal place of business at 1583 South 1700 East, Vernal, Utah 84078.

2.    Stabil Drill Specialties, LLC is a Louisiana Limited Liability Company having its principal place of business at 110 Consolidated Drive, Lafayette, Louisiana 70508, and maintains this location as its corporate headquarters and its regular and established place of business in this district.  Stabil Drill is authorized to do business in Louisiana.  Stabil Drill may be served with process through its registered agent: CT Corporation System, 2867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

---

[1] Extreme's allegations relating to itself are based on personal knowledge, while Extreme's allegations relating to Stabil Drill are made upon information and belief.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. This Court has personal jurisdiction over Stabil Drill because it conducts business and has committed acts of patent infringement in this district. Stabil Drill has a regular and established place of business in this district and regularly sells (either directly or indirectly), markets, and supports their accused infringing products and services within this judicial district. Stabil Drill is subject to this Court's specific and general personal jurisdiction pursuant to due process as a result of their substantial and pervasive business in this State and judicial district, including: (i) at least part of their infringing activities alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Louisiana residents.

5. Venue is proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Stabil Drill has committed acts of patent infringement here and maintains its corporate headquarters, a regular and established place of business, in this District located at 110 Consolidated Drive, Lafayette, Louisiana 70508, and continues to commit acts of infringement in this District, entitling Extreme to relief.

## FACTUAL BACKGROUND

6. Extreme researches and develops drill tools and horizontal drill string enhancement tools. Extreme operates as a wholly-owned subsidiary of Superior Drilling Products, Inc.

7. Extreme developed and patented an improved, dual-stage, eccentric reamer and bore conditioning system covered by United States Patent Nos. 8,851,205 ("the '205 Patent");

8,813,877 ("the '877 Patent"); and 9,657,526 ("the '526 Patent") (collectively the "Extreme Patents").

8. On October 7, 2014, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,851,205 ("the '205 Patent"), entitled "Method and Apparatus for Reaming Well Bore Surfaces Nearer the Center of Drift." The '205 Patent was filed as Application No. 13/441,230 on April 6, 2012, which claims the benefit of Provisional Application No. 61/473,587, filed on April 8, 2011. The '205 Patent is attached as Exhibit A.

9. On August 26, 2014, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,813,877 ("the '877 Patent"), entitled "Method and Apparatus for Reaming Well Bore Surfaces Nearer the Center of Drift." The '877 Patent was filed as Application No. 13/517,870 on June 14, 2012, which was a continuation of Application No. 13,441,230, and claims the benefit of Provisional Application No. 61/473,587, filed on April 8, 2011. The '877 Patent is attached as Exhibit B.

10. On May 23, 2017, the United States Patent and Trademark Office duly and legally issued United States Patent No. 9,657,526 ("the '526 Patent"), entitled "Method and Apparatus for Reaming Well Bore Surfaces Nearer the Center of Drift." The '526 Patent was filed as Application No. 14/454,320 on August 7, 2014, which was a continuation of Application No. 13/517,870 (now the '877 Patent), which was a continuation of Application No. 13,441,230 (now the '205 Patent), and claims the benefit of Provisional Application No. 61/473,587, filed on April 8, 2011. The '877 Patent is attached as Exhibit C.

11. Extreme is the owner of all rights of and to the (1) the '205 Patent, (2) the '877 Patent, and (3) the '526 Patent (hereinafter collectively the "Extreme Patents") by assignment, and possesses all rights of recovery for past, present and future infringement.

12. The Extreme Patents generally cover methods and apparatus for increasing the drift diameter and improving the well path of a well bore.

13. The Extreme Patents are valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14. Extreme licenses Hard Rock Solutions, LLC, a wholly owned subsidiary of Superior Drilling Products, Inc. to manufacture dual-stage, eccentric reamer and bore conditioning systems covered by the claims of the Extreme Patents including the Drill-N-Ream® reamer. Drilling Tools International, Inc. is the distributor of the Drill-N-Ream® system in the U.S. and Canada, both onshore and offshore. The Drill-N-Ream® reamer has been used successfully worldwide since its introduction in the Spring of 2011.

15. Drill-N-Ream® brochures include a list of patents that cover this product including US Patents 8,851,205 and 8,813,877. The Extreme Patents are also available over the Internet through various online resources such as Google Patents and the U.S. Patent Office website. On or about April, 11, 2018, Superior Drilling Products, Inc. provided Stabil Drill notice of U.S. Patent Nos. 8,851,205; 8,813,877, and 9,657,526

16. Stabil Drill's Smoothbore™ Eccentric Reamer offers similar functionality to, and directly competes with the Drill-N-Ream® reamer.

17. Stabil Drill manufactures, offers for sell, rent and/or lease the Smoothbore™ Eccentric Reamer to third parties, including oil well operators and/or oil field service companies.

### **INFRINGEMENT OF EXTREME'S PATENTS**

18. Extreme incorporates the preceding paragraphs.

19. On information and belief and pursuant to 35 U.S.C. § 271(a), Stabil Drill has directly infringed and continues to directly infringe at least one claim of each of the Extreme

Patents, by its manufacture, use, sale, lease, and/or offer for sale of products and services that include systems and methods claimed by the Extreme Patents ("Infringing Products").

20. Infringing Products include, without limitation, Stabil Drill's Smoothbore™ Eccentric Reamer, and the use thereof.

21. On information and belief, Stabil Drill had actual knowledge of one or more of the Extreme Patents prior to marketing Stabil Drill's Smoothbore™ Eccentric Reamer and knew that its intended use constitutes infringement of the Extreme Patents. Alternatively, Stabil Drill believed there is a high probability that a direct or indirect customer who used the Smoothbore™ Eccentric Reamer would infringe the Extreme Patents but have remained willfully blind to the infringing nature of such action.

22. On information belief, Stabil Drill indirectly infringes at least one claim of each of the Extreme Patents by active inducement under 35 U.S.C. § 271(b) and/or § 271(f). Stabil Drill has induced, caused, urged, encouraged, aided and abetted their direct and indirect customers to make, use, sell, offer for sale, and/or import Infringing Products, or caused to be supplied in or from the U.S. all or a substantial portion of the Infringing Products. Stabil Drill has done so by acts including but not limited to selling and/or renting Infringing Products to their domestic and foreign customers; marketing Infringing Products; and providing instructions, technical support, and other support and encouragement (available via http://stabildrill.com/bha-rentals/reamers/smoothbore, for instance) for the use of Infringing Products. Such conduct by Stabil Drill was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of Infringing Products in the United States.

23. On information belief, Stabil Drill indirectly infringe by contributing to the infringement of, and continuing to contribute to the infringement of, at least one claim of each of the Extreme Patents under 35 U.S.C. § 271(c) and/or 271(f) by selling, offering for sale, and/or importing into or causing to be supplied from the United States, the Infringing Products and/or components of the Infringing Products. Stabil Drill knew that the Infringing Products include hardware components that work to perform specific, intended functions. Such specific, intended functions, carried out by the Infringing Products or the hardware combinations, are a material part of the inventions of the Extreme Patents and are not staple articles of commerce suitable for substantial non-infringing use.

24. Prior to the filing of this complaint, Stabil Drill knew or should have known that it infringed the Extreme Patents.

25. Stabil Drill was notified about the Extreme Patents by Superior Drilling Products, Inc.'s letter dated April 11, 2018, followed by several later communications, in an attempt to convince Stabil Drill to stop their infringing activities without resorting to litigation.

26. Despite such knowledge, Stabil Drill has proceeded to infringe the Extreme Patents with full and complete knowledge that they cover the Infringing Products without a good faith belief that the Extreme Patents are not infringed. Stabil Drill's actions constitute an egregious case of misconduct beyond typical infringement. Thus, Stabil Drill's infringement of the Extreme Patents is willful and deliberate, entitling Extreme to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

27. The acts of infringement by Stabil Dril have caused damage to Extreme, and Extreme is entitled to recover from Stabil Drill the damages sustained by Extreme as a result of

Stabil Drill's wrongful acts in an amount subject to proof at trial. The infringement of Extreme's exclusive rights under the Extreme Patents by Stabil Drill has damaged and will continue to damage Extreme, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## DEMAND FOR JURY TRIAL

28.     Extreme demands a trial by jury of any and all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Extreme prays for the following relief:

a.      A judgment in favor of Extreme that Stabil Drill has infringed and is infringing, either literally and/or under the doctrine of equivalents, U.S. Patent Nos. 8,851,205; 8,813,877; and 9,657,526;

b.      An Order preliminarily enjoining Stabil Drill, their respective officers, directors, agents, employees, licensees, and those acting in privity with them, from further direct and/or indirect infringement of Extreme's Patents;

c.      An Order permanently enjoining Stabil Drill, their respective officers, directors, agents, employees, licensees, and those acting in privity with them, from further direct and/or indirect infringement of the Extreme Patents;

d.      A judgment that Stabil Drill's infringement of the Extreme Patents has been egregious and willful;

e.      An award of damages to Extreme arising out of Stabil Drill's infringement of the Extreme Patents, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages

pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

  f. An award of damages for Stabil Drill's post-judgment infringement in an amount according to proof in the event that a permanent injunction preventing future acts of infringement is not granted;

  g. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

  h. Granting Extreme its costs and further relief as the Court may deem just and proper.

Date: February 21, 2019    Respectfully submitted,

        **RALEY & BOWICK, LLP**

        */s/ Tanya Dugas Dawson*
        TANYA DUGAS DAWSON
        LA Bar No. 32435
        RALEY & BOWICK, LLP
        1800 Augusta Drive, Suite 300
        Houston, TX 77057
        713-429-8050 (telephone)
        713-429-8045 (facsimile)
        Email: tdugas@raleybowick.com

        **ATTORNEYS FOR PLAINTIFF**
        **EXTREME TECHNOLOGIES, LLC**