UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| EXTREME TECHNOLOGIES, LLC<br>　　Plaintiff | * | JUDGE TERRY A. DOUGHTY |
| V. | * | CIVIL ACTION NO. 6:19-cv-00219 |
| STABIL DRILL SPECIALTIES, L.L.C.<br>　　Defendant | * | MAG. JUDGE PATRICK HANNA |

## MEMORANDUM RULING

Pending before the Court is a Motion to Dismiss for Improper Venue or, In the Alternative, to Transfer Venue [Doc. No. 17] filed by the defendant, Stabil Drill Specialties, L.L.C. ("Stabil").

Extreme Technologies, LLC ("Extreme") filed a Complaint against Stabil on February 21, 2019, in the United States District Court, Western District of Louisiana, alleging Stabil's Smoothbore™ eccentric reamer infringes on three of Extreme's patents. Extreme had previously filed the same Complaint in the United States District Court, Southern District of Texas, on February 15, 2019. Extreme dismissed the Texas case without prejudice on February 21, 2019, and refiled in this district the same day.

On March 4, 2019, Stabil filed the pending Motion to Dismiss for Improper Venue or, In the Alternative, to Transfer Venue. Extreme filed an opposition to Stabil's motion on May 20, 2019 [Doc. No. 25]. A Reply [Doc. No. 28] was filed by Stabil on May 29, 2019. This matter is ripe.

In its Rule 12(b)(3) motion, Stabil argues that Extreme's Complaint is insufficient to support venue in this district, that the allegations are vague, and that they do not identify specific infringing acts by Stabil which occurred in the Western District of Louisiana. Alternatively, Stabil

argues that this matter should be transferred to the Southern District of Texas because venue is more convenient there.   In its opposition, Extreme maintains that venue is proper in the Western District of Louisiana, in accordance with 28 U.S.C. § 1400(b), as Stabil "resides" in Louisiana as a Louisiana limited liability company.

Further, Extreme maintains that venue should not be transferred to the Southern District of Texas, as Stabil has not proven that the Southern District of Texas is "clearly more convenient" than the Western District of Louisiana.  *In re Volkswagen of America, Inc*., 545 F.3d 304 (5th Cir. 2008).

In *TC Heartland, LLC v. Craft Foods Group Brands, LLC*, 137 S.Ct. 1514 (2017), the Supreme Court held that the sole and exclusive provision controlling venue in patent infringement actions is 28 U.S.C. § 1400(b).  Pursuant to § 1400(b), patent infringement suits may be brought in the "judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  In *TC Heartland,* the Supreme Court concluded that a domestic corporation "resides" only in the state of incorporation.

The burden to demonstrate proper venue upon a defendant's motion to dismiss for lack of venue rests with the plaintiff.  *In re ZTE (USA) Inc*., 890 F.3d 1008 (Fed. Cir. 2018).  The United States Court of Appeals for the Fifth Circuit take the practical approach of permitting district courts to transfer a case under 28 U.S.C. §1404(a) or §1406(a) without ever deciding whether venue is proper.  And, a party's motion to transfer under §1404(a) is not an admission that venue is proper. *Bentz v Recile*, 778 F.2d 1026 (5th Cir. 1985).

Stabil maintains that venue is not proper in the Western District of Louisiana in that Extreme has not met either prong of 28 U.S.C. § 1400(b).

## I. VENUE UNDER § 1400(b)

### A. Judicial District Where The Defendant Resides

In the first prong of § 1400(b), patent infringement suits may be brought in the judicial district where the defendant "resides." The defendant, Stabil, is a limited liability company that was formed in Louisiana, and which also has a place of business in Louisiana. The courts are not clear where an LLC "resides." However, this court believes that Extreme's argument is persuasive. Stabil is a Louisiana LLC, formed in the State of Louisiana and does business in the State of Louisiana. Stabil "resides" in Louisiana.

### B. Where The Defendant Has Committed Acts Of Infringement And Has A Regular and Established Place Of Business

In the second prong, there is no question that Stabil has a regular and established place of business in Louisiana. The only question is whether Extreme has alleged acts of infringement in the Western District of Louisiana. Stabil is accused of committing acts of infringement through its manufacture, sale and offer for sale of its Smoothbore™ reamer. Stabil maintains that it manufactures the product in Houston, rather than in Lafayette, but Stabil is a Louisiana LLC with its main office in Lafayette. This Court believes that the allegations of Extreme are enough to allege acts of infringement occurring in the Western District of Louisiana.

Therefore, the Motion to Dismiss pursuant to Rule 12(b)(3) is **DENIED**.

## II. VENUE TRANSFER UNDER § 1404(a)

Stabil alternatively asks the Court to transfer this proceeding to the Southern District of Texas. Title 28, United States Code, Section 1404(a) provides "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing whether a case is

eligible for a §1404(a) transfer is "whether the judicial district to which the transfer is sought would have been a district in which the claim could have been filed. *In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004). Extreme initially filed this lawsuit in the Southern District of Texas, so the claim could have been brought and was brought in the Southern District of Texas. Venue would be proper in the Southern District of Texas under prong two of § 1400(b) as Stabil admits it has a regular place of business there and since the Smoothbore™ reamer is manufactured there. Therefore, this proceeding could have been brought in the Southern District of Texas.

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Fifth Circuit applies private interest and public interest factors for determining whether to transfer pursuant to § 1404(a). To succeed, Stabil is required to prove that the Southern District of Texas is "clearly more convenient" than the Western District of Louisiana. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008).

The private interest factors are: (1) the relative ease of access of sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) cost of attendance of willing witnesses; and (4) all other practical problems that make a trial of a case easy, expeditious and inexpensive. *In re Volkswagen of America, Inc.*, 545 F.3d at 315.

The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that would govern the case; and (4) the avoidance of unnecessary problems of conflict and laws in the application of foreign law. *Id*

A.  **Private Interest Factors**

Although some of the witnesses and some of the evidence would come from Louisiana, the evidence shows that the Smoothbore™ is manufactured and was developed in Houston. The Smoothbore™ is sold from the Houston facility. The key witnesses regarding an infringement claim are located in Texas. Although the Lafayette facility may be the main office for Stabil, the Houston facility is the primary operation center for the Smoothbore™ reamer. The majority of the witnesses and evidence regarding the manufacture and sale of the Smoothbore™ product are in Texas. The primary engineering, operation, sale, and marketing persons in charge of the Smoothbore™ reamer are located in Houston. All four factors weigh in favor of transfer to the Southern District of Texas.

B.  **Public Interest Factors**

The public interest factors are (1) the administrative difficulty flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of a forum with that would govern a case; and (4) the avoidance of unnecessary problems of conflicts and laws or in the application of foreign law. Public interest factors 1 and 4 do not apply while public interest factors 2 and 3 are neutral.

C.  **Other Factors**

It is significant that Extreme filed this same Complaint in the Southern District of Texas on February 15, 2019, and dismissed it, without prejudice on February 21, 2019. It is also significant that Extreme filed the same Complaint against Stabil in the Western District of Louisiana on the same day it was dismissed in the Southern District of Texas. Stabil maintains that this matter was dismissed by Extreme after a judge was assigned and that Extreme is "judge

shopping". Extreme did not offer any explanation why the case was dismissed in Texas and refiled in Louisiana. This Court believes Extreme was "judge shopping."

Although ordinarily, the plaintiff's choice of forum is entitled to great deference, this Court refuses to respect choices that appear to be blatant attempts at "judge shopping." This Court considers this as an additional factor in favor of transfer to the Southern District of Texas.

After having considered all the above factors, it is ordered that this proceeding shall be transferred to the Southern District of Texas. Stabil's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) is **GRANTED**.

**III. CONCLUSION**

For the foregoing reasons, the Court finds that venue is proper in the Western District of Louisiana, but this proceeding should be transferred to the Southern District of Texas. Therefore, Stabil's Motion to Dismiss for Improper Venue, or, In the Alternative, to Transfer Venue is **GRANTED IN PART and DENIED IN PART.** To the extent Stabil moves for dismissal, the motion is DENIED. To the extent Stabil moves for transfer, the motion is GRANTED.

MONROE, LOUISIANA, on this the 30th day of May, 2019.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF LOUISIANA